UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENVILLE

| Joseph Story | § | |
| --- | --- | --- |
| | § | CR-2-02-22 |
| | § | |
| vs | § | No.: |
| | § | |
| | § | |
| United States of America | § | |

**PETITIONER'S MOTION SEEKING LEAVE
TO AMEND § 2255 MOTION**

The Petitioner Joseph Story, Pro-Se, who respectfully moves this Honorable Court pursuant to Federal Rules Governing Section 2255 proceedings, Rule 12, and Federal Rules of Civil Procedure Rule 15(c), for a leave to amend his Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner under 28 U.S.C. §2255. In support thereof, the Petitioner would respectfully submit the following.

The Petitioner submits in grounds one through three of his §2255 that his Sixth Amendment right was violated by Attorney William Franciso's ineffective assistance of counsel. Story clarified at sentencing that he served 10 months in prison for the 1996 conviction; that the conviction was used for the §851 enhancement. (Note Exhibit A)

The Presentence Report stated that Story was sentenced in the state of North Carolina to 10 months imprisonment.

Therefore, this conviction cannot be applied for the 851 enhancement because the Supreme Court has clarified the §851 enhancement rule in **United States vs Simmons**, 340 F.Appx 141 (4th Cir. 2009). The Supreme Court vacated that judgment and remanded the case for "further consideration in light of **Carachuri-Rosendo vs Holder**," 130 S.Ct. 2577 (2010). The Supreme Court stated that the possibility of punishment should not be a determining factor for the §851 enhancement (Story's State sentencing range was 8 to 10 months; however,

Story's actual sentence was for only 10 months -- 2 months and one day shy of qualifying pursuant to §851. Furthermore, this Court has ruled in support of Story's claim in **United States vs Pruitt**, 545 F.3d 416 (6th Cir. 2008)).

Why then was Story sentenced in opposite to this Court's established precedence? This sentencing error occurred because of the ineffective assistance of counsel in not ever mentioning the Court's error at sentencing. The government's position concerning the 851 enhancement qualification was unchallenged by Counsel.

Considering the law as it stands, Story's sentence would not be considered reasonable, because it would not be within the properly calculated guidelines, considering this Court's ruling in **Pruitt** and the Supreme Court's ruling in **Simmons** and **Carachuri-Rosendo**, considering the clarification of the §851 enhancement and the proper application of existing statutes. Under this standard of law, the Petitioner would have no prior predicate offense for purposes of sentence enhancement as recidivist offender.

Story's conviction became final on October 1, 2007 after the United States Court of Appeals for the Sixth Circuit ordered a Remand for Resentencing on Story's conviction in Case No. CR-05-6422. **United States vs Joseph Story**, 03-6260, Story's §2255 Motion was timely filed, and this particular pleading is being brought within time tolled under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. (28 USC §2255). 28 U.S.C. §2255 establishes a one-year time period for the filing of a §2255 motion. Story was resentenced in this case on March 24, 2008. Story's 2255 was filed within one year of resentencing and is therefore timely filed. Therefore, Story's Motion Seeking Leave to Amend is timely filed, and relates back to the date of his initial §2255 months.

The Petitioner submits that the Supreme Court applied Rule 15(c)(2), Fed. R.CIV.P., to an amended §2254 motion for Post Conviction relief to determine if it contained claims that related back to the original filing. See **Mayle**

**vs Felix**, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed. 2d 586 (2005) (relying in part in 28 U.S.C. §2242, which states habeas application may be amended or supplemented as provided in the rules of procedure for civil cases). The Supreme Court's application of the Civil Rules to § 2255 cases as correct, in which this Court should allow Story to amend his §2255 motion.

Story would now respectfully submit that based upon the decision rendered by the Supreme Court in **Calderon vs Ashmus**, 523 U.S. 740, 750, 140 L.Ed.2d 970, 118 S.Ct. 1694 (1998), the Court found that every Circuit that had addressed the issue agrees the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations, 28 U.S.C. §§ 2241 (d)(1) and 2255, does not render Rule 15 inapplicable to Federal Habeas proceeding. The Petitioner is submitting a copy of his original §2255 motion for filing with this motion.

Wherefore, the Petitioner, Joseph Story, respectfully prays the Court will enter an order granting him leave to amend his 2255 motion pursuant to Federal Rules of Civil Procedure, Rule 15(c), in the interest of judicial economy, and to prevent a miscarriage of justice. This motion is brought in good faith and for a just cause. 28 U.S.C. §1746.

Respectfully Submitted,

*Joseph L. Story*
Joseph Story
#20140-074
FCI-Beaumont
Post Box 26040
Beaumont, TX 77720

CERTIFICATE OF SERVICE

I, <u>Joseph Story 26140-074</u>, certify under the penalty of perjury pursuant to 28 U.S.C. § 1746 that I delivered the foregoing <u>Motion Seeking to Amend</u> to prison officials in an envelope with postage prepaid first class and addressed to:

    U.S. Clerk of Court
    220 West Depot St.
    Greeneville, TN. 37743

Delivered this 29th day of September, 2011.

FCC Beaumont (Medium)
P.O. Box 26040
Beaumont, TX 77720