Joseph Story
U.S.M.# 20140-074
FCI Beaumont (Med)
P.O. Box 26040
Beaumont, TX 77720

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Greenville Division

JOSEPH STORY,        *
    Movant, Pro Se,
                                 *
                                     Crim. Action No. 2:02-CR-22
                                 *
   -vs-
                                 *

UNITED STATES OF AMERICA,    *
    Respondent.
                                 *

MOTION FOR LEAVE TO AMEND MOVANT'S
28 U.S.C. § 2255 MOTION

NOW COMES the Movant, Joseph Story, pro se, by and through the assistance of a prison Legal Journeyman, in the above entitled matter, and respectfully urges this Honorable Court to grant him leave to amend his Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255") as additional change in the law has become available and made retroactive to cases on collateral review, for initially filed 2255 motions. In support of this request, Movant refers this Court to the facts and legal authorities as provided herein, and further states:

    1. Movant filed his initial 2255 motion in this court on or about March 20, 2009, of which it has still been pending adjudication.

    2. Both parties to the litigation have been given a full

and fair opportunity to make an initial response and reply to the response to movant's 2255 motion.

3. While pending adjudication of movant's said motion. The Supreme Court of the United States, recently held in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 177 L. Ed. 2d 68 (2010), that the statutory term "punishable by a term of imprisonment exceeding one year" for purposes recidivist enhancements under federal statutes, required an individual analysis of the record of conviction.

4. With this holding, the Court of Appeals for the Fourth Circuit, in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), holding that North Carolina prior state convictions does not qualify under federal recidivist statute, if the felony conviction was not "punishishable...for a term exceeding one year," citing, Carachuri-Rosendo, supra; see also, Farrior v. United States, 2011 U.S. Dist. LEXIS 133076 (E.D. NC 2011) (finding that Simmons is retroactive on initial collateral review under § 2255 (f)(3) provisions).

5. Respectfully, this is Movant's initial § 2255 motion and he has been diligent in attempting to receive his supporting facts to support his claim of actual innocence of the federal recidivist statute under 21 U.S.C. § 851(a) enhancement that increased his statutory minimum from 10 years to 20 years, based upon a prior North Carolina state felony conviction that was not "punishable...for a term exceeding one year," but only facing

a minimum of eight (8) months and maximum term of ten (10) months imprisonment. See Movant's North Carolina State Judgment attached, which he received on 01/18/11 at 17:24 p.

6. As such, Movant respectively submits that the Government would not be prejudiced in providing a response to his requested amendment to incorporate the above issue, because movant's case is presently still pending before this Honorable Court, the Government is familiar with the facts and background of movant's said prior conviction for which it sought an enhancement under § 851, and has the available information readily available in its case file or immediate access to all public records necessary to object to the facts provided above, in support of this request.

7. Substantially, it must be noticed that Movant would suffer a manifest injustice by having to serve an unlawful 20 year minimum sentence, where absent such § 851 enhancement his sentence would be substantially lower.

8. Therefore, it is respectfully submitted that leave to amend his § 2255 motion should be provided to include the above grave concerns. See 28 U.S.C. § 2242 (stating that habeas corpus application "may be amended or supplemented as provided by the rules of procedure applicable to civil actions"); Fed.R.Civ.P. 15(a)(1) and (c)(1).

9. WHEREFORE, the Movant respectfully prays that this

Honorable Court to grant him leave to supplement his § 2255 based upon the above relevant changes in the law and supporting facts and/or to appoint counsel to expedite this request in a judicious and reasonable fashion, where appointed counsel may possible resolve this matter with the Government without unnecessary extended litigations.

Respectfully submitted,

January 20TH, 2012
Date

Joseph Story 20140-074
Joseph Story
Movant, Pro Se

## CERTIFICATE OF SERVICE

I, Joseph Story, Movant hereby certify that on this 20TH day, 2012, the foregoing instrument was forwarded to the following parties below, via, first-class postage prepaid, by hand delivering addressed legal mail to FCI Beaumont (Med) mail room officials, to be deposited in the U.S. Mail, to:

Caryn L. Hebets
Assistant U.S. Attorney
208 Sunset Drive, Suite 509
Johnson City, TN 37604

Joseph Story 20140-074
Joseph Story
U.S.M.# 20140-074
FCI Beaumont (Med)
P.O. Box 26040
Beaumont, TX 77720

4

File No. 96 CRS 26675, 26676

# STATE OF NORTH CAROLINA

| ALAMANCE County | GRAHAM Seat of Court | In The General Court Of Justice Superior Court Division |

NOTE: [This form is to be used for (1) felony offense(s), and (2) misdemeanor offense(s), which are consolidated for judgment with any felony offense(s). Use AOC-CR-301 on DWI offense(s).]

**STATE VERSUS**

Defendant: JOSEPH LEE STORY

| Race | Sex | DOB |
|------|-----|-----|
| Black | M | 09-14-1973 |

**JUDGMENT AND COMMITMENT
ACTIVE PUNISHMENT
FELONY
(STRUCTURED SENTENCING)**
G.S. 15A-1301, 15A-1340.13

Attorney For State: STEVE A. BALOG
☐ Def. Found Not Indigent ☐ Def. Waived Attorney

Attorney For Defendant: CRAIG WHITE
☒ Appointed ☐ Retained

The defendant ☒ pled guilty to: ☐ was found guilty by a jury of: ☐ pled no contest to:

| File No.(s) And Offense(s) | Date Of Offense | G.S. No. | F./M. | CL. |
|---|---|---|---|---|
| 96CRS26675--POSSESSION WITH INTENT TO SELL/DELIVER COCAINE | 11-08-1996 | 90-95(A)(1) | FEL | H |
| 96CRS26676--MAINTAINING A DWELLING FOR KEEPING/SELLING COCAINE | 11-08-1996 | 90-108(A)(7) | FEL | I |

**The Court:**
☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be __5__. PRIOR RECORD LEVEL: ☐ I ☒ III ☐ V ☐ II ☐ IV ☐ VI
☐ 2. makes no prior record level finding because none is required for Class A felony, enhanced firearm penalty, violent habitual felon, or drug trafficking offenses.

**The Court:**
☒ 1. makes no written findings because the prison term imposed is: ☒ (a) within the presumptive range of sentences authorized under G.S. 15A-1340.17(c). ☐ (b) for a Class A felony. ☐ (c) for enhanced firearm penalty (G.S. 15A-1340.16A). ☐ (d) for an adjudication as a violent habitual felon. G.S. 14-7.12. ☐ (e) for drug trafficking offenses.
☐ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☒ 3. imposes the prison term pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. adjudges the defendant to be an habitual felon pursuant to Article 2A of G.S. Chapter 14.
☐ 6. finds enhanced punishment from a Class 1 misdemeanor to a Class I felony. ☐ G.S. 90-95(e)(3) (drugs); ☐ G.S. 14-3(c) (race).
☐ 7. finds no Extraordinary Mitigation.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned

| for a minimum term of: | for a maximum term of: | in the custody of the: |
|---|---|---|
| EIGHT (8) months | TEN (10) months | ☒ N.C. DOC. ☐ Sheriff pursuant to G.S. 15A-1352(b). ☐ Other |

☐ Class A Felony: ☐ Life Imprisonment Without Parole ☐ Death (see attached Death Warrant and Certificates)
☐ Class B1 Felony: Life Imprisonment Without Parole
☐ Violent Habitual Felon: Life Imprisonment Without Parole

The defendant shall be given credit for __14__ days spent in the confinement prior to the date of this Judgment as a result of this charge.

☐ The sentence imposed above shall begin at the expiration of all sentences which the defendant is presently obligated to serve.
☐ The sentence imposed above shall begin at the expiration of the sentence imposed in the case referenced below:
(NOTE: List the case number, date, county and court in which prior sentence imposed.)

A TRUE COPY OF THE ORIGINAL
This _____
_____ C.S.C.

AOC-CR-601
New 10/94
Material opposite unmarked squares is to be disregarded as surplusage.
(Over)

(check all that apply)
- [ ] 1. The defendant shall pay the costs.
- [ ] 2. The defendant shall pay a fine of $ _____.

The Court recommends:
- [ ] 3. Substance Abuse Treatment Unit pursuant to G.S. 15A-1351(h).
- [ ] 4. Psychiatric and/or psychological counseling.
- [x] 5. Work Release
- [x] 6. Payment as a condition of post release supervision, if applicable, or from work release earnings, if applicable, of the items and amounts set out below.

| Fine | Costs | Restitution* | Reimbursement For Atty Fee & Other Expenses | Total Amount Due |
|------|-------|--------------|---------------------------------------------|------------------|
|      |       |              | $250.00                                     | $250.00          |

*Name(s), address(es), amount(s) & social security number(s) of aggrieved party(ies) to receive restitution:

The Court further recommends:

The Court does not recommend:
- [ ] 1. Restitution as a condition of post release supervision or work release.
- [ ] 2. Work release.

**AWARD OF FEE TO COUNSEL FOR DEFENDANT**

- [x] A hearing was held in open court in the presence of the defendant at which time a fee, including expenses, was awarded the defendant's appointed counsel or assigned public defender.

**ORDER OF COMMITMENT/APPEAL ENTRIES**

- [ ] It is ORDERED that the Clerk deliver two certified copies of this Judgment and Commitment to the sheriff or other qualified officer and that the officer cause the defendant to be delivered with these copies to the custody of the agency named on the reverse to serve the sentence imposed or until the defendant shall have complied with the conditions of release pending appeal.
- [ ] The defendant gives notice of appeal from the judgment of the Superior Court to the Appellate Division. Appeal entries and any conditions of post conviction release are set forth on form AOC-CR-350.

**SIGNATURE OF JUDGE**

| Date | Name Of Presiding Judge (Type Or Print) | Signature Of Presiding Judge |
|------|------------------------------------------|-------------------------------|
| 12-17-1996 | J.B. ALLEN JR. | /s/ |

**ORDER OF COMMITMENT AFTER APPEAL**

| Date Appeal Dismissed | Date Withdrawal Of Appeal Filed | Date Appellate Opinion Certified |
|------------------------|----------------------------------|----------------------------------|
|                        |                                  |                                  |

It is ORDERED that this Judgment be executed. It is FURTHER ORDERED that the sheriff arrest the defendant, if necessary, and recommit the defendant to the custody of the official named in this Judgment and furnish that official two certified copies of this Judgment and Commitment as authority for the commitment and detention of the defendant.

| Date | Signature Of Clerk |  |
|------|--------------------|--|
|      |                    | [ ] Deputy CSC  [ ] Assistant CSC  [ ] Clerk Of Superior Court |

**CERTIFICATION**

I certify that this Judgment and Commitment with the attachment marked below is a true and complete copy of the original which is on file in this case.
- [ ] Appeal Entries (AOC-CR-350)
- [ ] Felony Judgment Findings Of Aggravating And Mitigating Factors (AOC-CR-605)
- [ ] Judicial Findings As To Forfeiture Of Licensing Privileges (AOC-CR-317)
- [ ] Commitment Information Statement (DC-600)

| Date | Signature And Seal |
|------|--------------------|
| 12-17-1996 | /s/ Isabel G. Palmer |

Date Certified Copies Delivered To Sheriff
12-17-1996

[x] Deputy CSC   [ ] Assistant CSC   [ ] Clerk Of Superior Court

AOC-CR-601, Side Two
New 10/94                    Material opposite unmarked squares is to be disregarded as surplus.