NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 12-5847

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 10, 2015
DEBORAH S. HUNT, Clerk

JOSEPH STORY,  )
    Petitioner-Appellant,  )
v.  ) ON APPEAL FROM THE UNITED
  ) STATES DISTRICT COURT FOR
UNITED STATES OF AMERICA,  ) THE EASTERN DISTRICT OF
  ) TENNESSEE
    Respondent-Appellee.  )

O R D E R

Before: SILER and ROGERS, Circuit Judges; GRAHAM, District Judge.[*]

Joseph Story, a federal prisoner proceeding through counsel, appeals a district court judgment dismissing his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. The parties have waived oral argument and we unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a).

A jury found Story guilty of conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced to serve a total of 360 months of imprisonment followed by ten years of supervised release. We affirmed Story's convictions but vacated his sentences and remanded the case for resentencing. *United States v. Story*, 125 F. App'x 646 (6th Cir. 2005). On remand, Story was resentenced to serve a

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

total of 300 months of imprisonment followed by ten years of supervised release. We again vacated Story's sentences and remanded for resentencing. *United States v. Story*, 503 F.3d 436 (6th Cir. 2007). In March 2008, the district court resentenced Story to serve a total of 240 months of imprisonment, the statutory mandatory minimum, followed by ten years of supervised release. Story was subject to a twenty-year mandatory minimum sentence due to the quantity of drugs involved in his offense and his prior North Carolina drug conviction. Story did not appeal.

In his motion to vacate sentence, Story raised three grounds for relief. He subsequently filed two motions to amend his § 2255 motion, seeking to challenge his twenty-year mandatory minimum sentence in light of intervening case law establishing that his prior North Carolina drug conviction is not punishable by more than one year of imprisonment for purposes of enhancing his sentence under 21 U.S.C. §§ 841(a)(1) and 851, and to assert an ineffective-assistance-of-trial-counsel claim based on counsel's failure to challenge his mandatory minimum sentence on that ground. The district court denied Story's motions to amend as untimely, dismissed his motion to vacate sentence, and denied a certificate of appealability.

Story appealed and sought a certificate of appealability on the issues raised in his motions to amend, arguing that his mandatory minimum twenty-year sentence is erroneous in light of intervening case law establishing that his prior North Carolina drug conviction is no longer "a crime punishable by more than one year of imprisonment" for purposes of enhancing his sentence under §§ 841(b)(1)(A) and 851, and that trial counsel was ineffective for failing to challenge the enhancement of his sentence on the basis of his prior North Carolina drug conviction. *Story v. United States*, No. 12-5847 (6th Cir. Mar. 13, 2013) (unpublished). This court denied a certificate of appealability, concluding that Story's claims were time-barred. *Id.*

The United States Supreme Court granted certiorari, vacated this court's order, and remanded the case "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States." *Story v. United States*, 134 S. Ct. 1281 (Mem.) (Feb. 24, 2014) (No. 13-7283). The Solicitor General asserted that, under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), Story's prior North Carolina drug conviction did not qualify as a "felony drug offense" for purposes of

enhancing his sentence to a mandatory twenty-year minimum under § 841(b)(1)(A). The Solicitor General also asserted that the government was not provided an opportunity to assert or waive the non-jurisdictional statute of limitations defense on which the district court and this court relied when declining to reach the merits of the sentence-enhancement claim raised in Story's motions to amend his § 2255 motion.

On remand, this court granted a certificate of appealability and directed the parties to brief: "whether Story's motions to amend his motion to vacate sentence are untimely; whether timeliness is asserted as a bar; and, if not time-barred, whether his mandatory minimum twenty-year sentence should be vacated if his prior North Carolina drug conviction no longer qualifies as a felony drug conviction pursuant to intervening case law." *Story v. United States*, No. 12-5847 (6th Cir. Apr. 25, 2014) (unpublished). The parties have filed a joint motion to expedite this appeal.

When reviewing a district court's denial of a § 2255 motion to vacate sentence, we review the district court's legal conclusions de novo and its factual findings for clear error. *Adams v. United States*, 622 F.3d 608, 610-11 (6th Cir. 2010). To obtain relief under § 2255, the movant "must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A person convicted of a drug offense under § 841(a), is subject to an enhanced sentence if he or she has "a prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(A). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year." 21 U.S.C. § 802(44). Story has a prior drug conviction from North Carolina—a 1996 conviction for possession with intent to sell and deliver cocaine for which he received a sentence of eight to ten months of imprisonment. At the time of Story's sentencing, he was subject to a mandatory minimum twenty-year sentence because his offense involved fifty grams or more of cocaine base and he had a prior North Carolina drug conviction. *See* § 841(b)(1)(A) (2000). Under existing precedent, Story's prior North Carolina drug conviction constituted a "felony drug offense"

Case: 12-5847     Document: 65-2     Filed: 03/10/2015     Page: 4

No. 12-5847
- 4 -

under § 841(b)(1)(A) because a hypothetical North Carolina "defendant with the worst possible criminal history" could have received a sentence of more than one year for the North Carolina drug offense committed by Story. *See United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005), *overruled by Simmons*, 649 F.3d 237.

After Story's sentencing, intervening case law established that his prior North Carolina conviction was not a "felony drug offense" that could support a mandatory minimum twenty-year sentence under § 841(b)(1)(A). In *Pruitt*, we interpreted North Carolina's structured felony sentencing scheme and held that, to determine whether a defendant's sentence is subject to enhancement based on a prior conviction for an offense punishable by more than one year of imprisonment, a district court should consider the maximum sentence that a hypothetical defendant with the defendant's particular criminal history could have received, rather than the maximum sentence that a hypothetical defendant with the worst possible criminal history could have received. *Pruitt*, 545 F.3d at 423-24. Under current case law, Story's prior North Carolina drug conviction does not qualify as a felony drug offense because he was not actually subject to, and did not receive, more than one year of imprisonment for it. *Id.*; *see also Simmons*, 649 F.3d at 244.

The district court agreed that Story "would have *no* qualifying predicate offenses for purposes of § 841(b)(1)(A) were he to be sentenced today." However, the district court declined to reach the merits of this claim, finding it time-barred. The government now "affirmatively waives its reliance on the 28 U.S.C. § 2255 one-year limitation period in this case," and we will honor that waiver. *See Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012).

The government argues, and Story agrees, that *Pruitt* does not present any non-retroactivity concerns because it "announced a new substantive rule that is retroactively applicable to cases on collateral review." "New *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A new rule "breaks new ground" and does not follow existing precedent as of the time that a defendant was convicted. *Teague v. Lane*, 489 U.S. 288, 301 (1989). A substantive rule "alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353. *Pruitt* meets these standards for retroactivity. *See*

*Schriro*, 542 U.S. at 353; *see also Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013). Without these procedural bars, the merits of Story's sentence-enhancement claim may be considered.

Accordingly, we grant the motion to expedite this appeal, vacate the portion of the district court's judgment denying Story's motions to amend his § 2255 motion, and remand this case to the district court for further proceedings consistent with this order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk