**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

| | | |
|---|---|---|
| JOSEPH STORY, ) | | |
| Petitioner, ) | Nos. | 2:02-cr-22 |
| ) | | 2:09-cv-51 |
| v. ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | Judge Jordan | |
| Respondent. ) | | |
| ) | | |

**SUPPLEMENTAL RESPONSE TO PETITIONER'S § 2255 MOTION**

The United States of America hereby supplements its earlier response to petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and agrees that petitioner has presented a cognizable claim for § 2255 relief. Specifically, in light of *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), he is no longer subject to the statutory mandatory minimum to which he was sentenced, and this Court has authority to reduce his sentence. The United States nonetheless submits that little or no reduction is warranted under § 2255.[1]

### I. FACTUAL AND PROCEDURAL HISTORY

In 2002, a jury convicted petitioner of conspiring to distribute and possess with intent to distribute at least fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). *United States v. Story*, 125 F. App'x 646, 648 (6th Cir. 2005). Under the law then in effect, a first-time offender convicted of an offense involving that quantity of crack cocaine

---

[1] Because the Sentencing Guidelines for drug offenses have been amended again since petitioner was last sentenced, he could also seek a sentence reduction pursuant to Guidelines Amendment 782 and 18 U.S.C. § 3582(c)(2). But any such reduction should be considered pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, rather than under 28 U.S.C. § 2255; this Court's ruling on the instant § 2255 motion should merely return petitioner to the position in which he would have been at his previous sentencing had *Pruitt* been applied at that time.

faced a mandatory minimum sentence of ten years' imprisonment with a potential maximum sentence of life imprisonment.[2] *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2000). Offenders with a prior conviction for a "felony drug offense" as defined in 21 U.S.C. § 802(44), were subject to an enhanced statutory mandatory minimum sentence of twenty years' imprisonment. *Id*.

Petitioner had a 1996 conviction for a Class H felony offense of possession with intent to deliver cocaine, in violation of N.C. Gen. Stat. § 90-95(a)(1). (R. 194, North Carolina Judgment, PageID# 137-38.) Consistent with then-applicable Fourth Circuit precedent which directed courts to "consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history," *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005) (emphasis in original), Judge Thomas G. Hull determined that petitioner's 1996 offense had been "punishable by imprisonment for more than one year" and was a "felony drug offense" under 21 U.S.C. § 802(44).[3] (Presentence Investigation Report ("PSR") at ¶¶ 47, 78.)

Judge Hull also deemed petitioner responsible for distributing at least 1.67 kilograms of crack cocaine – a quantity the presentence report described as "very conservative" – resulting in a Guidelines base offense level of 38. (PSR at ¶¶ 15, 22.) After a two-level firearm enhancement, petitioner's total offense level was 40 (*id*. at ¶¶ 23, 30), which combined with his criminal history category of VI for a Guidelines range of 360 months' to life imprisonment (*id*. at ¶ 79). Judge Hull sentenced petitioner to 360 months' imprisonment, at the bottom of

---

[2] The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, later raised the threshold quantity of crack cocaine triggering a ten-year minimum sentence from 50 to 280 grams. Petitioner was sentenced before the FSA's effective date, and the amended drug quantities apply only to post-FSA initial sentencings. *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012); *accord United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (*en banc*).

[3] Petitioner had actually been sentenced to a term of eight to ten months' imprisonment for his North Carolina offense because, at the time of that prior offense, petitioner had five criminal history points and a prior record level of III under North Carolina's structured sentencing scheme. (R. 194, North Carolina Judgment at PageID# 137.)

that Guidelines range. *Story*, 125 F. App'x at 648. The Sixth Circuit affirmed petitioner's convictions, but vacated his sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *Story*, 125 F. App'x at 646.

On remand, the case was reassigned to this Court, which held petitioner responsible for only 1.45 kilograms of crack cocaine and chose not to apply the firearm enhancement. *United States v. Story*, 503 F.3d 436, 438 (6th Cir. 2007). The Court recalculated petitioner's total offense level as 36, which resulted in an advisory Guidelines range of 324 to 405 months' imprisonment. *Id*. The Court then sentenced petitioner to a term of 300 months' imprisonment, two years less than the guidelines range, because of petitioner's "extraordinary rehabilitative efforts . . . in prison" and to impose a term "more in line with [his] co-conspirators' sentences," to "avoid unwarranted sentencing disparities." *Id*. at 439. Petitioner appealed, and the Sixth Circuit later vacated that sentence because the Court had procedurally erred by misstating the lower end of the new Guidelines range. *Id*. at 437-38.

In March 2008, on the second remand, the Court recalculated petitioner's Guidelines range yet again, in light of a new amendment to the Sentencing Guidelines that reduced petitioner's total offense level to 34. (R. 180, 3/24/08 Sent. Tr. at PageID# 58-59.) That offense level combined with petitioner's criminal history category of VI for a guidelines range of 262 to 327 months' imprisonment. (*Id*.) The Court again sentenced petitioner to a term approximately two years below the guidelines range, citing the same rationale; petitioner's 240-month sentence was also the statutory mandatory minimum the Court had deemed applicable. (R. 172, Amended Judgment, PageID# 28-33.) Petitioner did not appeal, and that judgment became final on April 8, 2008. *E.g.*, *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment becomes final upon expiration of the time for filing a direct appeal).

3

In March 2009, petitioner filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel had been ineffective by (1) not moving to suppress certain inculpatory statements, and (2) not requesting, at his second resentencing, a departure below the twenty-year mandatory minimum on the basis of petitioner's alleged post-sentencing rehabilitation and the Guidelines' disparate treatment of crack and powder cocaine offenses. (R. 176, § 2255 Motion, PageID# 39-51.) The United States opposed that motion as meritless. (R. 181, § 2255 Response, PageID# 65-76.)

In October 2011—over two years after the United States had responded to petitioner's § 2255 motion, but while that motion remained pending—petitioner sought to amend his § 2255 motion by adding a claim that his 1996 North Carolina drug conviction was no longer a "felony drug offense" that triggered the enhanced twenty-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). (R. 190, Motion to Amend § 2255 Petition, PageID# 104-07; *accord* R. 194, Supplemental Motion to Amend § 2255 Petition, PageID# 133-36.) Among other things, petitioner based that new claim on the Sixth Circuit's decision in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008).

In *Pruitt*, the Sixth Circuit had rejected the Fourth Circuit's reliance on a "hypothetical defendant with the worst prior record level" in determining whether a prior conviction under North Carolina's structured sentencing scheme qualifies as a "felony drug offense." 545 F.3d at 418; *accord id*. at 424 (expressly noting disagreement with the Fourth Circuit's decision in *Harp*).[4] The Sixth Circuit found that North Carolina's sentencing scheme directly linked the authorized punishment for an offense to the class of the offense and the criminal history of the

---

[4] Subsequent to *Pruitt*, the Fourth Circuit also rejected its prior approach for determining whether North Carolina convictions are punishable by more than one year of imprisonment. *See United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*) (overruling *Harp* and adopting an approach similar, but not identical, to the approach adopted by the Sixth Circuit in *Pruitt*).

offender. *Id*. at 419-20. Relying on the Supreme Court's decision in *United States v. Rodriquez*, 553 U.S. 377 (2008), the Sixth Circuit concluded that a defendant's prior record level "must be considered in determining whether [his North Carolina] convictions were 'punishable' for a term exceeding one year." *Pruitt*, 545 F.3d at 424.

In light of *Pruitt*, petitioner alleged that his 240-month sentence was contrary to law because, in his view, the statutory enhancement was no longer applicable. (R. 190, Motion to Amend § 2255 Petition at PageID# 105-07.) The Court did not consider the merits of that claim, however, because it found petitioner's motion to amend to be untimely. (R. 200, Memorandum Opinion at PageID# 175-84.) The Court also denied petitioner's timely-raised claims on their merits and declined to issue a certificate of appealability. (*Id.* at PageID# 184-94.) Undeterred, petitioner sought a certificate of appealability from the Sixth Circuit, which concluded that no reasonable jurist could dispute that petitioner's timely-filed § 2255 claims lacked merit, petitioner's attempt to amend his § 2255 motion was untimely, and petitioner was not eligible for equitable tolling. (R. 207, Sixth Circuit Order, PageID# 228-32.)

Petitioner thereafter sought a writ of certiorari, so the United States reviewed his claim anew and ultimately concluded that "under the approach adopted in *Pruitt* . . . , he did not have a prior conviction for a 'felony drug offense' and . . . he should not have been subject to a 20-year mandatory minimum sentence under Section 841(b)(1)(A)(iii)." Brief for the United States, *Story v. United States*, No. 13-7283, 2014 WL 709707, at *14 (Jan. 8, 2014). The United States reiterated that this Court and the Sixth Circuit had correctly found that petitioner's timely-filed § 2255 claims lacked merit and that his motion to amend was untimely. *Id*. at *18-20. The United States nevertheless asked the Supreme Court to grant certiorari, vacate the Sixth Circuit's judgment, and remand for further proceedings because the United States had not had the

5

opportunity to affirmatively waive its reliance on the § 2255 limitations period with respect to petitioner's *Pruitt*-based claim. *Id*. at *16-18. The Supreme Court accepted the government's invitation, granted certiorari, vacated the judgment, and remanded the case to the Sixth Circuit "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on January 8, 2014." (R. 211, Supreme Court Judgment, PageID# 238.)

On remand, the Sixth Circuit granted petitioner a certificate of appealability and vacated the portion of the Court's judgment which had denied petitioner's *Pruitt*-based motion to amend his § 2255 petition. (R. 220, Sixth Circuit Order, PageID# 264-68.) The Sixth Circuit accepted the United States's waiver of its reliance of the § 2255 statute of limitations with respect to petitioner's *Pruitt*-based claim, held that *Pruitt* announced a substantive rule that is retroactively applicable to cases on collateral review, and concluded that, under *Pruitt*, petitioner was entitled to § 2255 relief. (*Id*. at PageID# 266-68.) The Sixth Circuit then remanded the case to this Court for further proceedings. (*Id*. at PageID# 268.)

## II. DISCUSSION

The United States affirmatively waives its reliance on the 28 U.S.C. § 2255 one-year limitation period with respect to petitioner's *Pruitt*-based claim. Petitioner was sentenced to an enhanced twenty-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A) based on a prior North Carolina conviction which is no longer a qualifying predicate in light of *Pruitt*. Because *Pruitt* announced a substantive rule that is retroactively applicable on collateral review, petitioner has a cognizable claim for relief under § 2255 and is eligible for reconsideration of his sentence.

A.  The United States affirmatively waives reliance on the § 2255 statute of limitations with respect to petitioner's *Pruitt*-based claim.

In this particular case, and solely as to petitioner's *Pruitt*-based claim, the United States has determined that it will waive reliance on the statute-of-limitations defense. *E.g.*, *Scott v. Collins*, 286 F.3d 923, 927-28 (6th Cir. 2002) (failure to comply with statute of limitations is an affirmative defense, which can be waived). The Supreme Court has explained that, while courts have discretion to *sua sponte* raise a statute-of-limitations defense in a habeas case when the government inadvertently failed to raise it, *Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012); *Day v. McDonough*, 547 U.S. 198, 209 (2006), courts may not override an intentional relinquishment of the statute-of-limitations defense. *See Day*, 547 U.S. at 202 ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *id*. at 210 n.11 ("Should [the government] intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice."); *Wood*, 132 S. Ct. at 1835 (holding that a State's decision not to contest the timeliness of a defendant's habeas petition "after expressing its clear and accurate understanding of the timeliness issue" constituted a deliberate waiver). Because the United States now deliberately waives its reliance on the statute of limitations with respect to petitioner's *Pruitt*-based claim, this Court should reach the merits of that claim.

B.  Petitioner has a cognizable and meritorious claim for § 2255 relief under *Pruitt*.

In *Pruitt*, the Sixth Circuit held that, to evaluate whether a prior North Carolina drug offense was "punishable" by a term of imprisonment exceeding one year, a court must determine the defendant's sentencing exposure in light of the defendant's own criminal history, rather than calculating the maximum exposure using a hypothetical defendant with the worst possible criminal history. 545 F.3d at 423-24. In petitioner's case, his North Carolina prior record level of III only exposed him to a maximum potential sentence of twelve months' imprisonment.

7

(R. 194, North Carolina Judgment at PageID# 137.) *See* N.C. Gen. Stat. § 15A-1340.17 (1996) (authorizing a maximum of twelve months' imprisonment for a Class H felony committed by a defendant with a prior record level of III). Accordingly, under *Pruitt*, petitioner's prior North Carolina drug conviction was not punishable by *more than* one year of imprisonment and, thus, was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(A).

However, because *Pruitt* was decided after petitioner's conviction became final, petitioner is not entitled to § 2255 relief unless *Pruitt* announced (1) a new rule that (2) applies retroactively to cases on collateral review. *E.g.*, *Teague v. Lane*, 489 U.S. 288, 310 (1989). The Sixth Circuit has found that *Pruitt* meets both of those conditions. (R. 220, Sixth Circuit Order at PageID# 267-68.)

First, the rule announced in *Pruitt* is new because it was not "*dictated* by precedent existing at the time [petitioner's] conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). Indeed, in *Pruitt*, the Sixth Circuit expressly recognized that its "decision [was] in some tension with [prior] holdings of the Fourth Circuit." 545 F.3d at 424. The Sixth Circuit nevertheless rejected those decisions as contrary to the Supreme Court's then-recent decision in *Rodriquez* and adopted a different rule for determining whether North Carolina convictions qualify as predicate felonies for purposes of federal law. *Id*.

Second, the rule in *Pruitt* is substantive and should thus be retroactively applicable on collateral review. *E.g.*, *Schiro v. Summerlin*, 542 U.S. 348, 351 (2004) ("New substantive rules generally apply retroactively."). *Pruitt*'s rule is substantive because it "alters . . . the class of persons that the law punishes," *Schiro*, 542 U.S. at 353, by narrowing the scope of the § 841(b)(1)(A) recidivist enhancement with respect to offenders with prior North Carolina convictions. *See Miller v. United States*, 735 F.3d 141, 145-46 (4th Cir. 2013) (holding that

(R. 194, North Carolina Judgment at PageID# 137.) *See* N.C. Gen. Stat. § 15A-1340.17 (1996) (authorizing a maximum of twelve months' imprisonment for a Class H felony committed by a defendant with a prior record level of III). Accordingly, under *Pruitt*, petitioner's prior North Carolina drug conviction was not punishable by *more than* one year of imprisonment and, thus, was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(A).

However, because *Pruitt* was decided after petitioner's conviction became final, petitioner is not entitled to § 2255 relief unless *Pruitt* announced (1) a new rule that (2) applies retroactively to cases on collateral review. *E.g.*, *Teague v. Lane*, 489 U.S. 288, 310 (1989). The Sixth Circuit has found that *Pruitt* meets both of those conditions. (R. 220, Sixth Circuit Order at PageID# 267-68.)

First, the rule announced in *Pruitt* is new because it was not "*dictated* by precedent existing at the time [petitioner's] conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). Indeed, in *Pruitt*, the Sixth Circuit expressly recognized that its "decision [was] in some tension with [prior] holdings of the Fourth Circuit." 545 F.3d at 424. The Sixth Circuit nevertheless rejected those decisions as contrary to the Supreme Court's then-recent decision in *Rodriquez* and adopted a different rule for determining whether North Carolina convictions qualify as predicate felonies for purposes of federal law. *Id*.

Second, the rule in *Pruitt* is substantive and should thus be retroactively applicable on collateral review. *E.g.*, *Schiro v. Summerlin*, 542 U.S. 348, 351 (2004) ("New substantive rules generally apply retroactively."). *Pruitt*'s rule is substantive because it "alters . . . the class of persons that the law punishes," *Schiro*, 542 U.S. at 353, by narrowing the scope of the § 841(b)(1)(A) recidivist enhancement with respect to offenders with prior North Carolina convictions. *See Miller v. United States*, 735 F.3d 141, 145-46 (4th Cir. 2013) (holding that

(R. 194, North Carolina Judgment at PageID# 137.) *See* N.C. Gen. Stat. § 15A-1340.17 (1996) (authorizing a maximum of twelve months' imprisonment for a Class H felony committed by a defendant with a prior record level of III). Accordingly, under *Pruitt*, petitioner's prior North Carolina drug conviction was not punishable by *more than* one year of imprisonment and, thus, was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(A).

However, because *Pruitt* was decided after petitioner's conviction became final, petitioner is not entitled to § 2255 relief unless *Pruitt* announced (1) a new rule that (2) applies retroactively to cases on collateral review. *E.g.*, *Teague v. Lane*, 489 U.S. 288, 310 (1989). The Sixth Circuit has found that *Pruitt* meets both of those conditions. (R. 220, Sixth Circuit Order at PageID# 267-68.)

First, the rule announced in *Pruitt* is new because it was not "*dictated* by precedent existing at the time [petitioner's] conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). Indeed, in *Pruitt*, the Sixth Circuit expressly recognized that its "decision [was] in some tension with [prior] holdings of the Fourth Circuit." 545 F.3d at 424. The Sixth Circuit nevertheless rejected those decisions as contrary to the Supreme Court's then-recent decision in *Rodriquez* and adopted a different rule for determining whether North Carolina convictions qualify as predicate felonies for purposes of federal law. *Id*.

Second, the rule in *Pruitt* is substantive and should thus be retroactively applicable on collateral review. *E.g.*, *Schiro v. Summerlin*, 542 U.S. 348, 351 (2004) ("New substantive rules generally apply retroactively."). *Pruitt*'s rule is substantive because it "alters . . . the class of persons that the law punishes," *Schiro*, 542 U.S. at 353, by narrowing the scope of the § 841(b)(1)(A) recidivist enhancement with respect to offenders with prior North Carolina convictions. *See Miller v. United States*, 735 F.3d 141, 145-46 (4th Cir. 2013) (holding that

the rule adopted in *Simmons*, which is substantially similar to the rule adopted in *Pruitt*, was substantive and therefore retroactively applicable to cases on collateral review). By limiting the manner in which prior North Carolina convictions can be deemed "punishable by more than one year in prison," *Pruitt*, like *Simmons*, changed the substantive reach of § 841(b)(1)(A) and narrowed the class of persons who are subject to that enhancement. *Miller*, 735 F.3d at 146.

In short, *Pruitt* announced a new substantive rule that is retroactively applicable to cases on collateral review. Because petitioner is serving a term of imprisonment based on an enhanced recidivist penalty range under 21 U.S.C. § 841(b)(1)(A) that cannot be legitimately applied to him post-*Pruitt*, he is eligible for § 2255 relief.

C.  Although the Court has authority to modify petitioner's sentence after considering the factors set forth in 18 U.S.C. § 3553(a), the United States submits that little or no reduction is warranted under § 2255.

The language of 28 U.S.C. § 2255(b) authorizes a district court, in its discretion, to choose one of four forms of relief "as may appear appropriate" when a § 2255 claim has merit: discharge the prisoner, resentence him, grant a new trial, or correct the sentence. 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 634 (6th Cir. 2013) (noting that this Court "has discretion to choose from any of the four enumerated § 2255 remedies); *United States v. Hadden*, 475 F.3d 652, 661, 668 (4th Cir. 2007) (describing the remedies available under § 2255 as "broad and flexible"); *United States v. Bryant*, 246 F.3d 650, 654 (6th Cir. 2001) (emphasizing that a district court has discretion to determine the appropriate type of relief). Such wide discretion regarding remedies necessarily stems from the diverse types of claims which may be litigated on collateral review, and the appropriateness of a given remedy likewise turns upon the reason the § 2255 claim was deemed meritorious, because not all of the enumerated types of relief apply to every case. For example, as the First Circuit explained, "in cases where

9

the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence." *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000). One of the primary considerations in selecting an appropriate remedy under § 2255 is the quest to put a petitioner in the position he would have been in, but for the error that warranted § 2255 relief.[5]

When sentenced in 2005, post-*Booker*, petitioner had a total offense level of 36, a criminal history category of VI, and a Guidelines range of 324 to 405 months' imprisonment. The Court imposed a sentence 24 months below that Guidelines range, describing it as a "slightly lower" sentence to reward petitioner's rehabilitative efforts up to that point and to avoid any sentencing disparities with his co-defendants. *Story*, 503 F.3d at 439. When resentenced by the Court in 2008, petitioner's total offense level had been lowered to 34, for a corresponding Guidelines range of 262 to 327 months' imprisonment. A 24-month reduction from that Guidelines range would have yielded a sentence as low as 238 months. Instead, the Court imposed a 240-month sentence because it had deemed petitioner subject to a 240-month statutory mandatory minimum. Post-*Pruitt*, petitioner is no longer subject to that mandatory minimum, and this Court may further reduce his sentence. For example, granting the same 24-month

---

[5] As noted above, the Sentencing Guidelines have been amended again since petitioner was last sentenced, and petitioner is likely to seek a further reduction in his sentence on that basis. The United States submits, however, that such relief should be granted, if at all, under 18 U.S.C. § 3582(c)(2), and that the instant motion under 28 U.S.C. § 2255 only authorizes the Court to attempt to put petitioner in the position he would have found himself had *Pruitt* been applied when he was previously sentenced, *i.e.*, in March 2008.

In any event, recalculating the applicable guidelines range using the 2014 Sentencing Guidelines – which incorporate Amendment 782 and thus preclude release before November 1, 2015, *see* U.S.S.G. § 1B1.10(e)(1) – would yield an offense level of 32 and a guidelines range of 210 to 262 months' imprisonment.

reduction this Court previously deemed appropriate would result in a sentence of 238 months. Alternately, the Court could reasonably decline to grant any further reduction from petitioner's 240-month sentence, which already represents a downward variance from the Guidelines range.

Although petitioner's initial rehabilitative efforts were deemed "extraordinary" by this Court, *see Story*, 503 F.3d at 439, petitioner has incurred numerous disciplinary sanctions from the Bureau of Prisons. For example, he has been sanctioned for possessing drugs, alcohol, or other unauthorized items on six separate occasions, including as recently as April 2015. On other occasions, he has refused to obey orders (August 2011, May 2010), fought another inmate (April 2005), and threatened bodily harm (December 2003). Petitioner's seeming inability to comply with prison regulations even while he has the greatest incentive to do so—*i.e.*, while his § 2255 motion is pending—suggests that no reduction is warranted. If this Court elects to reduce petitioner's sentence, the United States recommends a term no less than 238 months' imprisonment, followed by the statutorily-mandated term of five years' supervised release.

### III. CONCLUSION

In sum, petitioner is eligible for § 2255 relief because his sentence was restricted by an enhanced recidivist penalty range under 21 U.S.C. § 841(b)(1)(A) that cannot be legitimately applied to him post-*Pruitt*. Although this Court has discretion to reduce petitioner's sentence or resentence him, the United States submits that petitioner's current sentence remains appropriate.

                                        Respectfully submitted,

                                        William C. Killian
                                        United States Attorney

By:   *s/ Caryn L. Hebets*
       Caryn L. Hebets
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that, on May 11, 2015, the foregoing supplemental response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and those parties may access this response through the Court's electronic filing system.

                                              *s/ Caryn L. Hebets*
                                              Caryn L. Hebets
                                              Assistant United States Attorney