UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:02-CR-22 |
| | ) | JUDGE JORDAN |
| JOSEPH STORY | ) | |

**EXPEDITED MOTION TO REDUCE SENTENCE PURSUANT TO
18 U.S.C. § 3582(c) AND AMENDMENT 782, U.S. SENTENCING GUIDELINES**

The defendant, Joseph Story, by and through undersigned counsel, respectfully requests this Honorable Court to resentence him pursuant 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendment 782 to the United States Sentencing Guidelines (USSG). Amendment 782 reduces the advisory guideline range to 210 to 262 months[1]. Mr. Story requests this Honorable

---

[1] Counsel files the present § 3582(c) motion out of an abundance of caution, recognizing that such motion may be rendered moot by the Court's ruling on the pending resentencing upon granting § 2255 relief. Counsel files the present § 3582(c) motion in light of the government's request that the Court simply place Mr. Story in the position he would be in at his previous sentencing had *Pruitt* been applied at that time, (R. 225, Government Supplemental Response at pg. 1), though recognizing the Court could also choose to resentence Mr. Story applying the current guidelines. Counsel asserts the latter approach is most appropriate, especially given the approach taken by this and other courts following § 2255 relief being given under *Apprendi*, *Booker*, *Begay* and *Dorsey*. Resentencing under the current guidelines would allow the Court to impose a sentence considering the amended guideline range of 210 to 262 months and the amended statutory range of 10 years to life imprisonment. In doing so, the Court could consider at resentencing a sentence up to an including a time served sentence, without regard to the limiting instruction under U.S.S.G. § 1B1.10(e)(1) requiring that the effective date of the court's order be November 1, 2015, or later. In recommending only a 2-month reduction in sentence to 238 months, the government places significant weight on sanctions dating back to 2003 and 2005, events that were weighed against Mr. Story's extraordinary rehabilitation efforts when this Court resentenced him in 2005 and 2008. The government suggests the sanctions after this date involved drug possession, though the contraband possessed was alcohol only and Mr. Story has repeatedly tested negative when drug tested in the Bureau of Prisons. Counsel is awaiting copies of these sanctions, though she can report to the Court that these matters were resolved internally. Despite these matters being resolved internally, the government seeks to use these sanctions now as a basis for denying a reduction in sentence, a loss of liberty amounting to years of Mr. Story's life. The Court previously credited Mr. Story for his rehabilitative efforts, and these same rehabilitative efforts should result in Mr. Story's sentence being reduced to time served or at a

Court to reduce his sentence to 210 months imprisonment should the Court choose not to resentence Mr. Story to time served or a lesser sentence upon the granting of § 2255 relief. Mr. Story has remained in custody since April 1, 2002, and thus, should be eligible for release on or after November 1, 2015[2], when given good time credit. He seeks an expedited review of the present motion, as he is hopeful to be released immediately to a halfway house for the remainder of his federal sentence. In support of the motion, the defendant would show the following:

## PROCEDURAL HISTORY

In 2002, Mr. Story was convicted by jury trial in the Eastern District of Tennessee of conspiracy to distribute and possession with the intent to distribute 50 grams of more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). The district court sentenced Mr. Story to 360 months imprisonment. This Court vacated the sentence on direct appeal and remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Story*, 125 Fed Appx. 646 (6th Cir. 2005). On remand the district court resentenced Mr. Story to 300 months imprisonment. This Court once again vacated the sentence and remanded the case for resentencing. *United States v. Story*, 503 F.3d 436 (6th Cir. 2007). In 2008, the district court resentenced Mr. Story

---

minimum to allow his release November 1, 2015. None of the sanctions involve conduct that resulted in new charges being filed against Mr. Story in the thirteen years he has remained in custody. Mr. Story has made arrangements for his release should this Honorable Court give him this opportunity. The attached letters reflect the positive changes family has seen in Mr. Story and his desire to continue turning his life around.

[2] Mr. Story could be released prior to November 1, 2015, should the Court resentence him upon granting § 2255 relief. As detailed in footnote 1, counsel urges the Court to do so and order his release prior to November 1, 2015, as the Court is authorized to do.

to 240 months imprisonment, the statutory mandatory minimum penalty under § 841(b)(1)(A) based on the enhanced penalty provided under 21 U.S.C. § 851 for an offender with a prior felony drug conviction. The district court entered final judgment on March 25, 2008. (R.172, Amended Judgment). Mr. Story did not appeal the amended judgment.

On March 23, 2009, Mr. Story filed a pro se § 2255 motion alleging trial counsel was ineffective for failing to argue to the district court that a departure was warranted based upon his post-conviction rehabilitation and upon the disparity between crack cocaine and powder cocaine. Mr. Story specifically argued "a lesser sentence was available, Movant was prejudiced by counsel error in failing to note, object or appeal." (R.176, Motion to Vacate).

On October 17, 2011, Mr. Story filed a pro se motion to amend his § 2255 motion to include a claim that trial counsel was ineffective for failing to object to the faulty § 851 notice. (R.190, Motion to Amend). Mr. Story argued that in light of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), *Simmons, supra*, and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), trial counsel was under a duty to object to the faulty § 851 notice. *Id.*

On January 26, 2012, Mr. Story filed another motion for leave to amend, in which he noted other federal inmates were receiving sentencing relief based upon the Fourth Circuit's then recent application of *Carachuri-Rosendo, supra*, to North Carolina convictions. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (R.194, Motion to Amend). Mr. Story asserted he was entitled to relief under *Simmons* and argued his amendment was timely under 28 U.S.C. § 2255(h)(3) (retroactive application of *Simmons, supra*). (R.194, Motion to Amend).

On June 12, 2012, the district court dismissed Mr. Story's § 2255 motion and denied a certificate of appealability. (R.200, Memorandum Opinion). The district court found that the

ineffective assistance for failure to object to the faulty § 851 notice claim did not relate back to Mr. Story's initial petition. The district court also found that Mr. Story's claims were not timely under 28 U.S.C. § 2255(h)(3) (a new Supreme Court case with retroactive application). Significantly, the district court also found Mr. Story was wrongly subject to the mandatory minimum term of twenty years' incarceration. (R.200, Memorandum Opinion).

Mr. Story appealed to the Sixth Circuit, requesting a certificate of appealability to address his claims that *Pruitt* and *Simmons* established that he should not have been subject to the 20-year mandatory minimum and that trial counsel was ineffective for failing to raise the claim at sentencing. The Sixth Circuit denied a certificate of appealability on March 13, 2013. Mr. Story sought rehearing, but the Court denied the petition for rehearing on August 6, 2013. Mr. Story then filed a petition for a writ of certiorari on November 4, 2013. The Solicitor General for the United States responded, urging the Supreme Court of the United States to grant certiorari and remand the case to the Sixth Circuit for reconsideration in light of its position.

The Supreme Court summarily granted certiorari on February 25, 2014, vacating the judgment and remanding the case to the United States Court of Appeals for the Sixth Circuit for further consideration in light of the Solicitor General's response. On March 10, 2015, the Sixth Circuit remanded the case to the district court to address Mr. Story's sentence-enhancement claims that *Pruitt* and *Simmons* established that he should not have been subject to the 20-year mandatory minimum. The government filed a supplemental response to the § 2255 motion, waiving any reliance on § 2255 statute of limitations agreeing that Mr. Story should no longer be subject to an enhanced statutory penalty based on a prior felony drug conviction. (R. 225, Government Supplemental Response). Because Mr. Story is no longer subject to the 20-year mandatory

minimum, and his guideline range has been lowered under Amendment 782, he files this instant motion for sentence reduction. Mr. Story remains incarcerated in the Bureau of Prisons with an anticipated release date of February 2, 2020.

**APPLICATION OF USSG AMENDMENT 782**

Amendment 782 to the USSG became effective on November 1, 2014. The effect of this amendment was to lower retroactively the sentencing guidelines for most drug offenses. This amendment, however, has a limiting instruction: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

The 2014 retroactive crack amendment applies in this case, amending the guideline range from 262 to 327 months to 210 to 262 months no longer restricted by the 20-year mandatory minimum in light of USSG § 1B1.10. Mr. Story has remained in custody since his arrest on April 1, 2002, having served more than 13 years, 1 month (157 months) without consideration of good time credit.

Mr. Story is eligible for a reduction of his sentence by retroactive application of USSG Amendment 782 pursuant to 18 U.S.C. §3582(c) and Policy Statement §1B1.10. As amended, Mr. Story's amended guideline range is 210 to 262 months, based on a revised total offense level of 32 and a criminal history category of VI. Should the Court choose not to resentence Mr. Story to time served upon granting § 2255 relief given the pending motion, Mr. Story requests that the Court impose an amended sentence of 210 months imprisonment, which would leave approximately one

year remaining on his sentence and would likely result in Mr. Story being transferred to the halfway house to finish the remainder of the incarceration term.

The application of the retroactive crack amendments is also set forth in the below table:

| | |
|---|---|
| **STATUTORY RANGE**<br>21 U.S.C. § 841(b)(1)(A) - Conspiracy to Distribute and PWID 50 grams or more of crack cocaine (1.67 kilograms of crack cocaine) | Mandatory 20 years to life imprisonment based on a prior NC drug conviction which does not qualify as a prior felony drug offense in light of *Simmons* - Amended statutory penalty range of 10 years to life imprisonment |
| **ORIGINAL GUIDELINE RANGE - 2003**<br>BOL 38 for at least 1.5 kilograms of crack cocaine + 2 levels for possession of a firearm = TOL 40 / CHC VI | 360 months to life imprisonment with a 20-year to life imprisonment mandatory minimum. |
| **ORIGINAL SENTENCE - 2003** | 360 months→→ Sentence appealed. |
| **SENTENCE UPON REMAND FROM SIXTH CIRCUIT - 2005**<br>OL 36 / CHC VI | Remanded for resentencing in light of *Booker*. The court determined the following: 1) Story did not possess a firearm for sentencing purposes, and 2) he was responsible for 1.45 kg of crack. Thus, his GLR was 324 to 405 months based on OL 36 / CHC VI.<br>Sentence reduced to 300 months based on rehabilitative efforts and to avoid any sentencing disparities with co-defendants. (Reduction of 24-months). →→ Sentence appealed. |
| **2008 SENTENCE UPON REMAND FROM SIXTH CIRCUIT AND GUIDELINE AMENDMENT**<br>OL 34 / CHC VI | GLR 262 to 327 months<br>Sentence reduced to 240 months - mandatory minimum at the time. |
| **2014 DRUGS MINUS 2**<br>OL 32 / CHC VI | GLR 210 to 262 months |

Section 3582(c) authorizes the Court to re-calculate Mr. Story's sentencing range under the amendment and determine an appropriate sentence in accordance with the applicable 18 U.S.C.

§3553(a) factors. The Policy Statement §1B1.10 provides that courts have discretion in determining whether, and to what extent, to reduce the sentence for any eligible person.

## **MEMORANDUM**

A sentencing court's authority to reopen and, if appropriate, reduce a sentence under § 3582(c)(2) is triggered when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to" its power to "review and revise . . . the guidelines." Amendment 782 clearly fits within that description. Amendment 782 lowered the sentencing ranges for most drug offense, but included a limiting instruction that the effective date for any order granting a reduction in sentence shall not take effect until November 1, 2015.

Nothing more is needed to trigger the court's authority to revisit a sentence under § 3582(c)(2). However, once the authority to revisit the sentence has been triggered, the court still needs to ensure that the new sentence is consistent with the § 3553(a) factors and the Commission's policy statements. *See* 18 U.S.C. § 3582(c)(2). Counsel attaches a letter from Mr. Story, along with his inmate education data transcript documenting several certificates earned by Mr. Story while incarcerated. *See* Attached Exhibit. Mr. Story is sending additional certificates reflecting his efforts towards rehabilitation in obtaining vocational and educational training, and counsel will file these as a supplement upon their receipt. Family of Mr. Story also writes to the Court detailing how Mr. Story has changed his life while incarcerated. The Court has previously recognized Mr. Story for his accomplishments, as earlier documented at the 2005 resentencing hearing (R. 140, 2005 Resentencing Memo, Attachments 1-11):

> I want you to know that the probation office and the court is proud of you for the fact that you are furthering your education. You have accomplished a lot. You have straightened your life out. I want you to continue to do so.
>
> When you are released you will have an occupation, you will have a trade. You will have an opportunity to make a good substantial living without reverting to any type of crime, okay.

(R. 180, 2008 Resentencing Transcript at pg. 5). Based on information presented at the original sentencing hearing, the resentencing hearings and the information currently before the Court, Joseph Story is a good and proper candidate for the reduction in sentence.

WHEREFORE, based upon the above cited authority, Joseph Story respectfully requests this Honorable Court to reduce his sentence to 210 months imprisonment should the Court choose not to resentence Mr. Story to time served or a lesser sentence upon the granting of § 2255 relief.

RESPECTFULLY SUBMITTED:

FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC.

BY: s/ *Nikki C. Pierce*
Nikki C. Pierce
BOPR No. 018181
Federal Defender Services
129 West Depot Street, Suite 1
Greeneville, TN 37743
(423) 636-1301

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, a copy of the foregoing Expedited Motion to Reduce Sentence was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ *Nikki C. Pierce*