# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>v.<br><br>JOSEPH STORY,<br>      Defendant. | No. 2:02-cr-22<br>Judge Jordan |

## RESPONSE TO § 3582(c) MOTION

Defendant, through counsel, seeks a sentence reduction in light of Sentencing Guidelines Amendment 782, which lowers the base offense level for many drug offenses. (R. 226, § 3582(c) Motion.) Defendant is eligible for a sentence reduction on that basis, and the United States defers to the Court's discretion whether and to what extent to reduce defendant's sentence, subject to the limitations of 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10.

The United States also notes that defendant's motion pursuant to 28 U.S.C. § 2255 remains pending before the Court, and that the parties have already agreed that the Court has authority to reduce his sentence under § 2255, because defendant is no longer subject to the 240-month mandatory minimum to which he was previously sentenced. (R. 225, Supplemental Response; R. 226, § 3582(c) Motion at n.1; *see also* R. 176, § 2255 Motion; R. 181, Response; R. 183, Reply; R. 194, Motion to Amend; R. 200, Memorandum Opinion; R. 201, Order; R. 207, Sixth Circuit Order; R. 211, Supreme Court Judgment; R. 212, 220, Sixth Circuit Orders.) In 2012, this Court denied the § 2255 motion, as well as a motion to amend which the Court had deemed untimely; the Court also declined to issue a certificate of appealability. (R. 200, Memorandum Opinion.) The Sixth Circuit likewise agreed that defendant's timely-filed § 2255 claims lacked merit, his attempt to amend his § 2255 motion was untimely, and he was not eligible for equitable tolling.

(R. 207, Sixth Circuit Order.) Undeterred, defendant sought certiorari, and, upon reviewing his claims anew, the United States ultimately persuaded the Supreme Court to grant certiorari, vacate the Sixth Circuit's judgment, and remand for further proceedings so that the United States could affirmatively waive its reliance on the § 2255 limitations period with respect to a claim under *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). (R. 211, Supreme Court Judgment.) On remand, the Sixth Circuit granted a certificate of appealability and vacated the part of the Court's judgment which had denied defendant's motion to amend his § 2255 petition regarding *Pruitt*. (R. 220, Sixth Circuit Order.) In light of *Pruitt*, defendant is no longer subject to the 240-month mandatory minimum to which he was sentenced. (*See* R. 225, Supplemental Response.)

As the United States explained in its supplemental response to the § 2255 motion, the Court's ruling on the § 2255 motion "should merely return [defendant] to the position in which he would have been at his previous sentencing had *Pruitt* been applied at that time." (*Id*. at 1 n.1; *see also id*. at 10 n.5.) Under § 3582(c), by contrast, the Court should consider whether to reduce defendant's sentence in light of a recent retroactive Guidelines amendment. Although the Court could elect to resolve both motions simultaneously, the legal justification for the Court's action is different under each statutory provision, and the United States thus urges the Court to clearly delineate the ground(s) for any ruling on defendant's pending motions.

## LEGAL BACKGROUND

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)); *accord Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). One such statute is 18 U.S.C. § 3582(c)(2), which authorizes a sentence

reduction, consistent with the policy statements in the Sentencing Guidelines, where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment, such as Amendment 782. 18 U.S.C. § 3582(c); *see also* 28 U.S.C. § 994(u); U.S.S.G. § 1B1.10.

As the Supreme Court has explained, a court must first "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing," then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized [by the amended guidelines range] is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010). Other than substituting Amendment 782 for the corresponding provision applicable when defendant was originally sentenced, this Court "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). And the Court "shall not" reduce defendant's term of imprisonment to a term "less than the minimum of the amended guideline range,"[1] nor to a term "less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(A), (C). Even where a guideline range has been reduced pursuant to a retroactive amendment, a sentence reduction is not automatic, but pursuant to the Court's discretion within the limitations of § 1B1.10. *See* U.S.S.G. § 1B1.10, comment. (backg'd) ("authorization of . . . a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

---

[1] Section 1B1.10 provides just one exception to the rule that a defendant may not receive a sentence below the amended guidelines range – namely, if the defendant originally received a below-Guidelines sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). That is not the case here.

## RELEVANT FACTS

In 2002, a jury convicted defendant of conspiring to distribute and possess with intent to distribute at least fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). *United States v. Story*, 125 F. App'x 646, 648 (6th Cir. 2005). Defendant was deemed responsible for distributing at least 1.67 kilograms of crack cocaine, a quantity the presentence report described as "very conservative" but which resulted in a base offense level of 38. (Presentence Report at ¶¶ 15, 22.) After a two-level firearms enhancement, and in light of defendant's criminal history category of VI, the applicable guidelines range was 360 months to life imprisonment. (*Id*. at ¶¶ 23, 30, 79.) Judge Thomas G. Hull sentenced defendant to 360 months' imprisonment, at the bottom of that range. *Story*, 125 F. App'x at 648. The Sixth Circuit affirmed petitioner's convictions, but vacated his sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *Story*, 125 F. App'x at 646.

On remand, the case was reassigned to this Court, which held defendant responsible for only 1.45 kilograms of crack cocaine and chose not to apply the firearm enhancement. *United States v. Story*, 503 F.3d 436, 438 (6th Cir. 2007). The Court thus recalculated the total offense level as 36, which resulted in an advisory Guidelines range of 324 to 405 months' imprisonment. *Id*. The Court sentenced defendant to 300 months' imprisonment, two years less than the guidelines range, because of defendant's "extraordinary rehabilitative efforts . . . in prison" and to impose a sentence "more in line with [his] co-conspirators' sentences," to "avoid unwarranted sentencing disparities." *Id*. at 439. Defendant appealed, and the Sixth Circuit later vacated that sentence because the Court had procedurally erred by misstating the lower end of the new guidelines range. *Id*. at 437-38.

In March 2008, on the second remand, the Court recalculated defendant's guidelines range yet again, in light of a new amendment to the Sentencing Guidelines that reduced the total offense level to 34. (R. 180, 3/24/08 Sent. Tr. at PageID# 58-59.) That offense level, and defendant's criminal history category of VI, yielded a guidelines range of 262 to 327 months' imprisonment. (*Id*.) The Court again imposed a sentence approximately two years below the guidelines range, citing the same rationale; the 240-month sentence was also the statutory mandatory minimum the Court had deemed applicable. (R. 172, Amended Judgment.) According to the Bureau of Prisons, defendant is currently scheduled for release on February 2, 2020.

Pursuant to Amendment 782, a drug quantity of 1.45 kilograms of crack cocaine would yield an offense level of 32 and an amended guidelines range of 210 to 262 months' imprisonment. Because that range is lower than the previously-applicable guideline range, defendant is eligible for a sentence reduction. If this Court elects to grant such relief, the effective date of its order must be November 1, 2015, or later, pursuant to U.S.S.G. § 1B1.10(e)(1).

## RECOMMENDATION AND CONCLUSION

Defendant has requested a sentence as low as "time served" to render him eligible for release on November 1, 2015, if the Court has not already granted a lesser sentence under § 2255. (R. 226, § 3582(c) Motion at 1-2 and n.2.) As set forth above, the Court lacks authority under § 3582(c) to impose any sentence less than 210 months' imprisonment.

According to the Bureau of Prisons, defendant has incurred numerous disciplinary sanctions while incarcerated. For example, he has been sanctioned for possessing drugs, alcohol, or other unauthorized items on six separate occasions, including as recently as April 2015. On other occasions, he has refused to obey orders (August 2011, May 2010), fought another inmate (April 2005), and threatened bodily harm (December 2003). Petitioner's seeming inability to

5

comply with prison regulations even while he has the greatest incentive to do so—*i.e.*, while a § 2255 motion is pending—suggests that little or no reduction is warranted.

In the end, the United States defers to the Court's discretion whether and to what extent to reduce defendant's sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c).

                              Respectfully submitted,

                              William C. Killian
                              United States Attorney

By:   *s/ Caryn L. Hebets*
        Caryn L. Hebets
        Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2015, this response was filed electronically, and notice of its filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Any parties not listed as being served by the Court's filing system will be served by regular United States mail, postage prepaid.

                              *s/ Caryn L. Hebets*
                              Caryn L. Hebets
                              Assistant United States Attorney