UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOSEPH STORY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:02-CR-22; 2:09-CV-51-RLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

The Sixth Circuit has remanded federal inmate Joseph Story's *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 to this Court [Doc. 220],[1] for a determination of the merits of the sentence-enhancement claim raised in his motions to amend his § 2255 motion [Docs. 190, 194]. Placing primary reliance on *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), Petitioner claims in his amended motions that, under *Pruitt,* he is no longer subject to an enhanced minimum mandatory sentence under 21 U.S.C. §§ 841(b)(1)(A) because his North Carolina drug conviction no longer qualifies as "a prior felony offense"[2] for

---

[1] Docket number citations in this opinion refer to Petitioner's criminal case (No. 2:02-CR-22).

[2] As used in § 841(b)(1)(A), a "felony drug offense" means any state or federal drug offense punishable by more than one year's imprisonment. *Burgess v. United States*, 553 U.S. 124, 129 (2008). The United States maintains that Petitioner's maximum potential sentencing exposure for his 1996 Class H felony offense, given his prior record level category III criminal history, was twelve months. However, as the Court reads *Pruitt* , the maximum sentence which Story could have received for his prior North Carolina *non-aggravated* Class H felony conviction, given his individual criminal background, was a ten-month sentence [Doc. 194, p. 5]. *See* N.C. Gen. Stat. § 15A-1340.17 (1996) (providing an authorized punishment for Prior Record Level III offenders of up to 10 months for a non-aggravated Class H felony); *See also* online

purpose of enhancing his sentence. *Pruitt* held that, to evaluate whether a prior North Carolina drug conviction was "punishable" by a term of imprisonment exceeding one year, a court must determine a defendant's sentencing exposure in light of the defendant's own criminal history, rather than to base it on the highest sentence which could be imposed on an offender with the worst criminal history. *Id.* at 423-24.

Following the remand, the United States supplemented its response to Petitioner's motions to amend, waiving any reliance on a statute-of-limitation defense and conceding not only that the *Pruitt*-based claim is cognizable, but also that it has merit [Doc. 225]. Respondent thus acknowledges that Petitioner "is serving a term of imprisonment based on an enhanced recidivist penalty range under 21 U.S.C. § 841(b)(1)(A) that cannot be legitimately applied to him post-*Pruitt* [and that] he is eligible for § 2255 relief" [*Id*. p. 9]. In other words, Petitioner's prior North Carolina cocaine conviction, used initially to enhance his sentence, is no longer considered a "felony drug offense" for sentencing enhancement purposes under 21 U.S.C. § 841(b)(1)(A).

Respondent also notes that the Sentencing Guidelines for drug offenses have been amended again since Petitioner was last sentenced and that he may also seek a reduction pursuant to Guidelines Amendment 782 by filing a motion under 18 U.S.C. § 3582(c)(2). (Petitioner, in fact, has filed a § 3582(c)(2) motion [Doc. 226].)

---

North Carolina Court System, Court Resources & Services, Punishment Grids, Preceding Punishment Charts, Felony Punishment Chart and Minimum/Maximum Table for offenses committed on or after December 1, 1995, but before December 1, 2009, available at http://www.nccourts.org/Courts/CRS/Councils/spac/Documents/felonychart_12_01_95maxchart.pdf (last visited December 8, 2015). However, even if the maximum potential authorized punishment in Petitioner's case was twelve months, the government agrees that, under *Pruitt*, his Class H conviction was not a "felony drug offense" because it "was not punishable by more than one year of imprisonment" [Doc. 225 p. 8].

2

For the reasons which follow, Petitioner's § 2255 motion, as amended, will be **GRANTED**, and he will be resentenced to a lesser prison term. This decision will render moot Petitioner's pending expedited motion to reduce sentence under § 3582(c)(2) [Doc. 226], and the motion to reduce will be **DENIED** as **MOOT**.

A motion to vacate is reviewed under 28 U. S. C. § 2255(a), which permits a federal prisoner to make a motion to vacate, set aside, or correct a sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which inherently result[ ] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348–49 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The procedural history of this case is somewhat complex. In 2003, Petitioner was convicted by a jury of one count of conspiracy to distribute and to possess with the intent to distribute at least 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(A), and one count of distributing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Due to the quantity of crack cocaine and Petitioner's prior felony drug conviction, he received a 360-month guidelines sentence, though the sentence was vacated on appeal and remanded pursuant to the opinion in *United States v. Booker*, 543 U.S. 220 (2005), [Doc. 131].

On remand, Petitioner was resentenced to 300 months of confinement [Doc. 151], but this sentence was overturned on appeal on the basis of a procedural error and the case was remanded once more [Doc. 158]. Petitioner was resentenced a second time, this time to 240 months of imprisonment, the minimum mandatory sentence, which was approximately two years below his Guidelines range [Doc. 172]. In setting Petitioner's sentence, the Court referred to its earlier conclusion that Petitioner has made stellar rehabilitative efforts in prison up to that point and to its desires to impose a sentence more in line with his coconspirators' sentences and to avoid unwarranted disparities between those sentences. Petitioner did not appeal this sentence, but instead returned to the Court with a § 2255 motion and what will turn out to be two ultimately successful § 2255 amended motions based on *Pruitt*.

In its latest response, as noted earlier in this opinion, the United States acknowledges that Petitioner has a valid claim, as he is subject to a 10-year minimum mandatory term, not to the 20-year minimum mandatory term in effect at his last sentencing.

Respondent notes that, under 2014 Guidelines Sentencing Manual, Petitioner's offense level of 32 (which would be based on the 1.45 kilograms of cocaine base for which he was held accountable, along with his Criminal History Category of VI) yields a Guidelines sentencing range of 210-262 of incarceration [Doc. 225 p. 10 n.5] and that his supervised release term is now five years, rather than ten years. Respondent argues that Petitioner's disciplinary history while in the custody of the Bureau of Prisons ["BOP"], which includes infractions for fighting and threatening bodily harm and six infractions for possession of intoxicants, "drugs/alcohol" or other unauthorized items, seemingly reflects an inability on Petitioner's part to comply with prison regulations. Respondent suggests that these infractions, eight of which occurred during

4

the pendency of his § 2255 motion (the § 2255 motion was filed in 2009), demonstrate that no or little reduction in Petitioner's sentence is warranted.

Respondent nonetheless recognizes the Court's discretion to lower Petitioner's sentence and recommends, as the Court understands its argument, that any reduction of Petitioner's sentence found to be warranted not exceed the two-year reduction he was given on his original sentence [*Id*. at 10-11]. The United States takes the position that whatever sentence is selected should return Petitioner to the position in which he would have been at his previous sentencing, had *Pruitt* been applied at that time [*Id.* at 10 n.5].

The four potential remedies available to the Court are to: (1) discharge the prisoner, (2) resentence him, (3) grant a new trial, or (4) correct the sentence. *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (citing 28 U.S.C. § 2255(b)). The Court enjoys "broad leeway" in the exercise of its authority to fashion appropriate remedies under its § 2255 authority. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000). Of these remedies, the second one is the proper selection.

In the main, the Court agrees with Respondent's positions. Petitioner has been incarcerated more than twelve years and, during this period, he has accumulated eleven disciplinary convictions. The earliest two infractions, in 2003 and 2005, involve violence. The rest of the infractions occurred from 2008 through 2015. One involves possession of intoxicants; three are for possession of "drugs/ alcohol";[3] two are for refusing to obey an order; one for untidiness; and two for possession of an unauthorized item. As a result of the last offense on April 4, 2015, for possession of an unauthorized item, Petitioner lost his job in the prison food

---

[3] In Petitioner's counseled § 3582(c)(2) motion, he maintains that the contraband involved in the cited infractions from 2008 to 2015 involved alcohol, not drugs, and that the drug tests administered to him by the BOP have repeatedly produced negative results [Doc. 226 p.1n.1].

5

service department [Doc. 228-1]. However, he was offered a second chance for prison employment, was reinstated to his food service job in May, and has since performed those duties exceptionally well, according to the Food Services Administrator at the prison [*Id.*]. It also bears mentioning that Petitioner has invested his time in prison wisely, having participated in thirty-eight educational and training classes offered by the BOP [Docs. 245 and 227-2 p.1].

Moreover, the Court finds noteworthy certain letters filed during the pendency of this matter, including one from Petitioner, one from a cousin who is a professor in a New York university, and several from other relatives—all representing that he is remorseful for his criminal conduct, that the time he has spent serving his sentence has changed him for the better, that he is ready to become a productive, positive member of society, and that his focus, if he is granted relief, would be to deter youthful potential miscreants from making the decision to deal drugs which he made [Docs. 226-1, 226-2, 226-4 and 227-1]. All in all, the Court remains convinced that Petitioner's post-incarceration conduct, while not pristine, is still certainly quite laudable. *Pepper v. United States,* 562 U.S. 476, 491 (2011) ("Postsentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)".).

The Court has carefully considered the claims in the amended § 2255 motions, the parties' arguments, the § 3553(a) factors, and the just disposition of the motions. Accordingly, in view of the government's waiver of any objections under the particular facts and circumstances of this case and its suggestion that any sentence given should return Petitioner to the position in which he would have been at his previous sentencing had *Pruitt* been applied at that time, *see United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997) (stating that "on

6

Case 2:02-cr-00022-RLJ-MCLC   Document 248   Filed 12/14/15   Page 6 of 7   PageID #: 398

correcting the error complained of in a § 2255 petition, the defendant may be placed in exactly the same position in which he would have been had there been no error in the first instance") (internal quotation marks omitted), the Court will **GRANT** Petitioner's § 2255 amended motions [Docs. 190, 194], and will enter an order amending the judgment to a sentence of 186 months imprisonment, which is twenty-four months below his current guidelines range of 210 to 262 months.

Because Petitioner's § 2255 motion is being **GRANTED**, which will result in a lower sentence than he could have received under § 3582(c)(2), his pending § 3582(c)(2) expedited motion to reduce [Doc. 226] has been rendered moot and will be **DENIED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge