# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:02-CR-22-003 |
| v. ) | |
| ) | JUDGE JORDAN |
| JOSEPH STORY ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Joseph Story, and the defendant admits that he has violated the conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Story's supervised release should be revoked and that he should receive a sentence of twenty-one (21) months imprisonment to be followed by three (3) years of supervised release, subject to the same standard, general, and special conditions previously imposed, with the following added special condition:

> The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his/her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

This Court also makes the following recommendation to the Bureau of Prisons: designation to the BOP facility at Butner, North Carolina.

Mr. Story agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be

found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. Story stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **General Condition:** The defendant shall not commit another federal, state, or local crime.

(2) **General Condition:** The defendant shall not illegally possess a controlled substance.

(3) **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

(4) **Standard Condition No. 8:** The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

(5) **Standard Condition No. 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

Mr. Story submitted a presumptively positive drug screen for marijuana on August 9, 2016. Mr. Story reported to the United States Probation Office on August 16, 2016, for a non-compliance meeting regarding his positive drug screen. Mr. Story acknowledged he had in fact used marijuana and claimed it was a one time momentary lapse in judgment. He stated he was under stress and had no real excuse for the use other than to assist with his stress. The offender was issued a verbal reprimand and advised regarding positive outlets for him to reach

2

out to in times of stress. Additionally, he was advised on the possible consequences of continued drug usage and involvement in illegal activity associated with his drug use.

Mr. Story submitted a presumptively positive drug screen for marijuana and cocaine on September 14, 2016. Initially, Mr. Story denied usage of any substance, but upon the officer packaging the sample for submission to the laboratory, he advised he may have been given a cigarette laced with cocaine. The sample was submitted to the laboratory on the above date, and confirmation indicating a positive screen for both marijuana and cocaine was received from the lab on September 17, 2016.

On September 20, 2016, this officer spoke with Mr. Story regarding his drug usage. The offender advised he wanted to apologize as he had been dishonest with the officer who collected his drug screen on September 14, 2016. He stated he used cocaine on his birthday, September 13, 2016. He again denied needing any assistance with treatment. Further, he indicated this usage was again due to poor judgment on his part.

Pursuant to Title 21 U.S.C. § 844, the offender committed the offense of simple possession by possessing the substances for which he tested positive. Additionally, pursuant to 21 U.S.C. § 844, if the offender commits simple possession after a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any state, he may be sentenced to a term of imprisonment for not less than 15 days but not more than two (2) years. Mr. Story has a prior conviction of Felony Possession with the Intent to Sell and Deliver Cocaine in Alamance County, Graham, North Carolina.

(6) **General Condition:** The defendant shall not commit another federal, state, or local crime.

(7) **General Condition:** The defendant shall not illegally possess a controlled substance.

(8) **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

According to a Uniform Citation and Complaint received, on September 3, 2016, at 23:13 hours, an officer with the Johnson City Police Department observed a blue 2005 Impala sitting at the intersection of East State of Franklin Road and Legion Street. When the light turned green, the vehicle did not move. As the officer passed by the vehicle, the driver of the vehicle appeared to be asleep. The

3

officer pulled behind the vehicle and witnessed the vehicle sit through a second green light without moving. As the officer approached the vehicle, he noted a black male, later identified as Joseph Story, asleep in the driver's seat, and the vehicle was in drive. The officer knocked on the driver's window, and the defendant woke up and tried to roll down the window. He experienced some difficulty in opening the correct window, but he was eventually able to roll down the front driver's window in order to address the officer. After the officer questioned Mr. Story, he asked him to exit the vehicle. As the officer patted Mr. Story down for weapons, he felt two small lumps in his right front pants pocket. The officer asked Mr. Story the contents, and he advised "dime bags." The officer removed the two items, and they were two small bundles of green leafy substance consistent with marijuana wrapped in plastic. Mr. Story agreed to and passed the standardized field sobriety tests. Upon checking Mr. Story in the system, it was determined he does not possess a valid driver's license, but he was eligible to obtain a license. He was issued a citation to appear in court for Simple Possession/Casual Exchange, T.C.A. § 39-17-418.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above when grouped constitute Grade B violations for which an advisory guideline range of 21 to 27 months would apply given his Criminal History Category VI. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of five (5) years imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS

HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to twenty-one (21) months imprisonment to be followed by three (3) years of supervised release. This Court also makes the following recommendation to the Bureau of Prisons: designation to the BOP facility at Butner, North Carolina.

Hon. R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

Christian Lampe
Assistant U.S. Attorney

Cara D. Widner
U.S. Probation Officer

Joseph Story
Defendant

Rosana E. Brown
Attorney for Defendant

5